UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-48-F

| | | |
|---|---|---|
| JOHN D. BLACK,<br>　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| STATE OF NEW JERSEY,<br>LOUIS PROPERTIES LLC,<br>HOMEDEPORE N.J.<br>　　　Defendants. | )<br>)<br>)<br>)<br>) | |

This matter is before the court on the motion [DE-15] by Defendant Home Depot U.S.A., Inc.[1] to dismiss Plaintiff's complaint. The *pro se* Plaintiff has failed to file a response to the motion, and the time for doing so has passed. This motion is therefore ripe for disposition.

## I. PROCEDURAL HISTORY

On March 18, 2010, Plaintiff initiated this action, Civil Action No. 7:10-CV-48-F, by filing a complaint and tendered a filing fee to the Clerk of Court. In this action, Plaintiff alleges that in November 2004, the State of New Jersey illegally took possession of certain land at 59 Magnolia Street in Newark, New Jersey that was donated by a family friend to Plaintiff. Compl. [DE-1] ¶ 13. According to the allegations in the Complaint, the State then sold the lot to Home Depot to build a store, and Home Depot "accepted the fraudulent deal." *Id.* at ¶¶ 13-14. The Complaint also alleges that the State of New Jersey forced Plaintiff from other property he owned, without just compensation, and sold the property to Louis Properties, LLC, who

---

[1] Defendant Home Depot U.S.A., Inc., is denominated as Homedepore, N.J., in the Complaint.

"accepted the fraudulent deed." *Id.* at ¶¶ 10-11. Plaintiff also alleges that various State of New Jersey officials created fraudulent charges against him making it impossible for him to find work. *Id.* at ¶ 13.

On March 31, 2010, Plaintiff initiated another action, Civil Action No. 7:10-CV-57-F, by filing an incomplete Application to Proceed Without Prepayment of Fees and a proposed Complaint. The same defendants are named in both actions, and the actions include substantially similar allegations.

The same day Civil Action No. 7:10-CV-57-F was filed, the Clerk of Court for the Eastern District of North Carolina received a letter from Plaintiff regarding Civil Action No. 7:10-CV-48-F. In the letter, Plaintiff stated the following:

> KINDELY DISCORD THE DOCUMENT YOU LABERED FILER ut was presented the complaint is an ERRAR. I do not wish to contenue under the cirstances case never opened refund my money please

Letter dated March 26, 2010 [DE-4]. The Clerk of Court submitted the March 2, 2010, Letter to the undersigned for review.

The undersigned was of the opinion that Plaintiff appeared to want to dismiss Civil Action No. 7:10-CV-48-F, while still pursuing Civil Action No. 7:10-CV-57-F. In an order filed on April 7, 2010, the court stated:

> It appears to the court that Plaintiff is asking that this case be dismissed and that his $350.00 filing fee be refunded. Out of an abundance of caution, Plaintiff is DIRECTED to notify the court in writing **on or before April 19, 2010**, whether he in fact wants (1) this case dismissed and (2) his filing fee refunded.

April 7, 2010, Order [DE-6]. On April 13, 2010, Plaintiff filed a response [DE-8] to the court's April 7, 2010, Order, which included confusing and conflicting statements. Because Plaintiff did

2

not include a straightforward statement declaring that he wanted the instant action dismissed, the undersigned determined the action could not be dismissed and directed the Clerk of Court to continue the management of the case.

Home Depot, Inc., now moves to dismiss the Complaint for failure to state a claim, lack of personal jurisdiction, and improper venue.

## II. ANALYSIS

Defendant Home Depot, Inc., moves for the dismissal of the Complaint, arguing, *inter alia*, that dismissal for improper venue is appropriate under Rule 12(b)(3) of the Federal Rules of Civil Procedure. When a defendant raises the defense of improper venue, the plaintiff bears the burden of establishing that venue is proper. *See Bartholomew v. Virginia Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979) *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119(1982). Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Where, as here, diversity of citizenship[2] is not the sole jurisdictional basis of a civil suit, venue is governed by the provisions of 28 U.S.C. § 1391(b), which provides:

---

[2] Plaintiff alleges in the Complaint that the diversity of citizenship exists. Plaintiff also alleges, however, that the defendants "deprive[d] plaintiff of all the real properties that . . . he owned in his complete life time without due processing as provided under the 14th Amendment and with out paying plaintiff any money or just compensation as provided under the fifth amendment of the us constitution." Compl. [DE-1] ¶ 5. Consequently, it appears that Plaintiff attempts to state claims under federal law, and therefore jurisdiction is not founded solely upon diversity of citizenship.

3

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship
> may, except as otherwise provided by law, be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside in the same State; (2) a
> judicial district in which a substantial part of the events or omissions giving rise to
> the claim occurred, or a substantial part of property that is the subject of the action
> is situated, or (3) a judicial district in which any defendant may be found, if there
> is no other district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Venue is improper in the Eastern District of North Carolina under all three provisions of § 1391(b).

First, Plaintiff has not alleged any facts showing that any of the named defendants reside in Eastern District of North Carolina. It is evident that the State of New Jersey resides in New Jersey. Thus, venue will be proper under § 1391(b)(1) only if both of the remaining defendants–Louis Properties, LLC and Home Depot, Inc.–reside in New Jersey and if one of them also reside in the Eastern District of North Carolina. Plaintiff, however, has not met his burden of alleging *any* facts showing that either Louis Properties, LLC or Home Depot, Inc., are residents of the Eastern District of North Carolina. Consequently, venue is not proper under § 1391(b)(1).

Nor is venue proper under § 1391(b)(2). The Complaint shows that none of the events giving rise to Plaintiff's claims occurred in the Eastern District of North Carolina. Indeed, the Complaint establishes that the events forming the basis of Plaintiff's claims occurred *entirely* in New Jersey. Moreover, the subject property that is the basis for some of the Plaintiff's claims is in New Jersey. Neither a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of North Carolina, nor is the property that is the subject of this

action located in the Eastern District of North Carolina, and therefore venue is not proper under § 1391(b)(2).

Finally, the Plaintiff cannot avail himself of § 1391(b)(3). For venue to be proper under § 1391(b)(3), Plaintiff must first establish that "there is no district in which the action may otherwise be brought." This, Plaintiff has not done. As the court already has discussed, all of the events or omissions giving rise to Plaintiff's claims occurred in the State of New Jersey. Therefore, the case could have been brought in the United States District Court for the District of New Jersey.

Because this district is not a proper forum, Home Depot, Inc.'s Motion to Dismiss [DE-15] is ALLOWED.[3] The court does not find it to be in the interest of justice to transfer this action because Plaintiff has filed substantially similar cases against the various Defendants in other courts. *See* Home Depot's Mem. of Law [DE-34], Ex. B (*Black v. City of Newark, et al.*, No. 1:07-cv-1644-RMC (D.D.C. March 10, 2008)(order allowing motion to dismiss)). *See also Black v. New Jersey*, No. 5:10CV0367, 2010 WL 883763 (N.D. Ohio 2010)(dismissing Plaintiff's claims failure to state a claim and on the basis of sovereign immunity, and noting that venue was improper); *Black v. City of Newark*, No. 1:06-cv-534 (M.D.N.C. Dec. 19, 2006)(memorandum recommending that complaint be dismissed for improper venue); *Black v. City of Newark, et al.*, 5:98-cv-696-BR (E.D.N.C. July 25, 2000)(order denying Plaintiff's motion under Rule 60(b)). Because Plaintiff "has had ample opportunity to file his action in a proper venue," *Black v. City of Newark*, 535 F.Supp.2d 163, 167 (D.D.C. 2008), his Complaint is

---

[3] Because this court has determined that this district is not the proper venue, it does not reach Home Depot, Inc.'s other arguments in favor of dismissal.

dismissed. *See id.* (dismissing entire action where only the City of Newark moved to dismiss for improper venue). *See also Black v. New Jersey*, No. 5:08-CV-193-F, 2009 WL 559796 (E.D.N.C. Mar. 4, 2009)(dismissing the entire action on the basis of improper venue where only certain defendants raised the defense) *aff'd, Black v. New Jersey*, No. 09-1317, 352 Fed. Appx. 774, 2009 WL 3351675 (Oct. 19, 2009).

### III. CONCLUSION

For the foregoing reasons, Home Depot, Inc.'s Motion to Dismiss [DE-15] is ALLOWED, and this action is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 24th day of June, 2010.

*[signature: James C. Fox]*
James C. Fox
Senior United States District Judge